1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT FOR THE

8                         EASTERN DISTRICT OF CALIFORNIA

9

YOLANDA SANCHEZ,                    )       1:07-cv-00598 AWI GSA
10                                  )
                                    )       FINDINGS AND RECOMMENDATION
11                                  )       REGARDING DISMISSAL OF ACTION
                                    )
12              Plaintiff,          )       (Document 22)
                                    )
13        vs.                       )
                                    )
14   MICHAEL J. ASTRUE, Commissioner, )
                                    )
15                                  )
                Defendant.          )
16  _____)

17        On April 17, 2007, Plaintiff filed the present action in this Court.  Plaintiff seeks review of

18   the Commissioner's denial of her application for benefits.  On April 19, 2007, the Court issued a

19   Scheduling Order.  The Scheduling Order states that within 120 days after service, Defendant shall

20   file and serve a copy of the administrative record which shall be deemed an answer to the complaint.

21   The Scheduling Order also provides that within 30 days after service of the administrative record,

22   Plaintiff shall serve on Defendant a letter brief outlining why remand is warranted which Defendant

23   shall respond to within 35 days.  Thereafter, if Defendant does not stipulate to remand, within 30

24   days of Defendant's response, Plaintiff must file and serve an opening brief.

25        On November 21, 2007, Defendant lodged the administrative record.  On January 2, 2008,

26   the parties stipulated to extend the time for Plaintiff to serve her confidential brief to January 18,

27   2008.  On January 29, 2008, the parties stipulated to an additional extension of time for Plaintiff to

28                                            1

serve her confidential brief to February 15, 2008.  Pursuant to the Scheduling Order, Plaintiff was required to file her opening brief in this Court on or before April 21, 2008.  Plaintiff failed to file an opening brief and the parties did not stipulate to an extension of time for such filing.  Accordingly, on May 12, 2008, this Court issued an order for Plaintiff to show cause why the action should not be dismissed for failure to file and serve her opening brief.  (Document 22.)  The Order to Show Cause directed Plaintiff to file a written response within twenty (20) days of the date of the Order.  More than twenty (20) days have passed and Plaintiff has not filed a written response to the Order to Show Cause or otherwise communicated with this Court.

Local Rule 11-110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate . . . dismissal."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at

2

1    1423; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

2        In the instant case, the Court finds that the public's interest in expeditiously resolving this

3    litigation and the Court's interest in managing the docket weigh in favor of dismissal.  Plaintiff filed

4    this action in April 2007.  Despite repeated extensions for the filing of her confidential brief, Plaintiff

5    has failed to file an opening brief in this matter.  Plaintiff also failed to respond to the Court's Order

6    to Show Cause regarding her failure to file an opening brief.  The third factor, risk of prejudice to

7    Defendant, also weighs in favor of dismissal, since a presumption of injury arises from the

8    occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524

9    (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is

10    greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning

11    to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration

12    of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779

13    F.2d at 1424.  The Court's Order to Show Cause expressly stated: "Failure to respond to this Order

14    to Show Cause within the time specified will result in dismissal of this action."  Thus, Plaintiff has

15    had adequate warning that dismissal would result from her noncompliance with the Court's order.

16        Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed based on

17    Plaintiff's failure to obey the Court's Scheduling Order entered on April 19, 2007, Plaintiff's failure

18    to obey the Court's Order to Show Cause entered on May 12, 2008, and Plaintiff's failure to

19    prosecute this action in a timely manner.

20        These findings and recommendation are submitted to the United States District Judge

21    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30)

22    days after being served with these findings and recommendations, Plaintiff may file written

23    objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's

24    Findings and Recommendation."  The parties are advised that failure to file objections within the

25    specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

26    1153 (9th Cir. 1991).

27        IT IS SO ORDERED.

28                                3

Dated:   **June 12, 2008**            **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE

4